(No. 1082—Claim denied.)

MARGARET C. COREY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1927.*

STATUTE OF LIMITATIONS—*when claim barred.* Under Sec. 10 of Court of Claims Act, all claims against the State are barred, unless filed within five years after it first accrues, except as to persons under disability.

SAME—*Sec. 10, is a special limitation statute.* The general statute of limitations does not control or apply to claims against the State, as Sec. 10 of Court of Claims act is a special limitation statute.

GERALD G. GINNAVEN, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

Claimant filed a claim in this court on September 3, 1926. She alleges that she is the owner of two certain promissory notes designated as No. 4027B and 4669B that were issued by the fund commission of the State of Illinois in 1840, and said notes or bonds are in the sum of $100.00, and are to draw 6% interest from the date of making until paid, and that the notes or bonds are signed by J. Hogan, Pres., of the fund commission, and by William Prentic, Sec., of the fund commission, and were endorsed, "Pay to bearer" and signed by John Hogan, Commissioner. The claimant, by her affidavit, sets forth that she is the owner and bearer of the instruments sued on; that the original notes or bonds were owned by her grandfather and grandmother and that she is the only heir-at-law through them, and that said original notes and bonds were owned by her grandfather and grandmother as aforesaid. The total amount claimed is $296.00, principal and interest.

It is the opinion of this court that the following extract from Section 10, Paragraph 436, Chapter 37, Smith-Hurd's Revised Statutes, 1925, page 856 (Court of Claims Act), controls in this action, which is as follows:

Every claim against the State cognizable by the Court of Claims, shall be forever barred unless the claim is filed with the secretary of the court, within five years after the claim first accrues, saving to infants, idiots, lunatics, insane persons and persons under disability at the time the claim accrued two years from the time the disability is removed.

It must be conceded that, owing to the fact that the Court of Claims was created by the legislature, the court is neces-

sarily limited to authority given by the legislature, and the court must strictly adhere to the language of the statute in the consideration of the claims before it. This court does not consider that the Statute of Limitations generally would control with the special limitations directed in the Court of Claims Act. The claimant urges that the Statute of Limitations has no application in this case, as said act was passed in 1872, stating that all actions shall be commenced within ten years next after the cause of action accrued because these instruments are not classified as demand notes under the negotiable instrument act which was passed March 18, 1874; said act provides, in Paragraphs 217 and 218, as follows: "The provisions of this act do not apply to negotiable instruments made and delivered prior to the passage hereof. In any case not provided for in this act the rules of the law merchant shall govern."

It is the opinion of this court that this contention of claimant cannot be reconciled or considered in view of the express limitations in the Court of Claims Act. The legislature clearly indicates the time in which a claim shall be filed in order to be considered by this court. We cannot construe any exception excepting that part of said statute which refers to infants, idiots and lunatics.

Therefore, the only course that this court has to follow is that which is indicated in the Court of Claims Act, which clearly indicates beyond any uncertainty the time which all actions must be filed upon which the court is permitted to take jurisdiction, and for these reasons this case is dismissed.